**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-6320**

_____

RONNIE MILLER, a/k/a Brian Coles,

    Plaintiff - Appellant,

  v.

WARDEN HINTON; CORRECTIONAL MEDICAL SERVICES; DIVISION OF CORRECTION, defendants sued in official and individual capacity; VALERIE MURRAY, LPN,

    Defendants - Appellees.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:07-cv-00751-WDQ)

_____

Submitted: June 9, 2008     Decided: August 14, 2008

_____

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Ronnie Miller, Appellant Pro Se. Rex Schultz Gordon, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland; Philip Melton Andrews, Katrina J. Dennis, KRAMON & GRAHAM, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie Miller, a Maryland inmate, appeals a district court order granting summary judgment to Warden Hinton, the Division of Correction ("DOC") and the Maryland Reception, Diagnostic and Classification Center ("MRDCC"), Correctional Medical Services ("CMS") and employee Valerie Murray. Miller, a paraplegic confined to a wheelchair who uses a colostomy bag and self-catherization for urinary bladder control, claimed he was not provided adequate medical care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. He also claimed the MRDCC was not handicap accessible and he was denied access to showers and recreation, in violation of the Americans With Disabilities Act, 42 U.S.C. § 12131 (2000) ("ADA") and the Equal Protection Clause. We affirm the order granting summary judgment.

We review de novo a district court's order granting summary judgment. Dawkins v. Witt, 318 F.3d 606, 610 (4th Cir. 2003). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Dawkins, 318 F.3d at 610. Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48.

To establish a prima facie case under Title II of the ADA, Miller must show that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. See Constantine v. George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005); Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999). States are obligated to make "reasonable modifications" to enable the disabled person to receive the services or participate in programs or activities. 42 U.S.C. § 12131(2) (2000). A reasonable modification does not require the public entity to employ any and all means to make services available to persons with disabilities. Rather, the public entity is obligated to make those modifications that do not "fundamentally alter the nature of the service or activity of the public entity or impose an undue burden." Bircoll v. Miami-Dade County, 480 F.3d 1072, 1082 (11th Cir. 2007). We find the DOC and Hinton made reasonable modifications for Miller during his temporary stay at the MRDCC. He was not denied the opportunity to receive services, such as conducting personal hygiene or engaging in recreation.

Insofar as Miller may be claiming that the institution denied him proper medical care by denying access to colostomy bags and catheters, Miller failed to show he was treated in this manner

- 3 -

because of his disability.  See Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) (holding that the ADA is not "violated by a prison's simply failing to attend to the medical needs of its disabled prisoners.  No discrimination is alleged; Bryant was not treated worse because he was disabled.").

With respect to his Equal Protection claim, Miller failed to show he was being treated differently than similarly situated inmates at the MRDCC.  See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).  Even if he was treated differently, there was a rational basis for the manner in which he received services offered by the MRDCC.  Klingler v. Director, Dep't of Revenue, State of Mo., 455 F.3d 888, 894 (8th Cir. 2006) (disparate treatment based on disability is subject to the rational basis test).

We further find Miller's deliberate indifference claim against Murray must fail because he failed to establish she was deliberately indifferent to his serious medical needs.

Accordingly, we find summary judgment was appropriate in this case and affirm the district court's order.  We deny Miller's motion for appointment of counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED